**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 13 WAP 2013 |
| | : |
| Appellee | : Appeal from the Order of the Superior |
| | : Court entered July 16, 2012 at No. 599 |
| | : WDA 2009, vacating the Judgment of |
| v. | : Sentence of the Court of Common Pleas of |
| | : Allegheny County, entered September 23, |
| | : 2008 at No. CP-02-0011687-2007, and |
| JOVON KNOX, | : remanding for resentencing. |
| | : |
| Appellant | : ARGUED:  April 8, 2014 |

## CONCURRING OPINION

**MR. JUSTICE EAKIN**                  **DECIDED:  DECEMBER 15, 2014**

I disagree with the majority to the extent it suggests a conspiracy instruction can constitute an adequate and independent basis for a possession conviction when an individual is not charged with conspiracy to possess a firearm.  Nonetheless, given appellant's failure to contest the conspiracy instruction, I agree the possession conviction should be affirmed.

The conspiracy instruction here represents a legal error.  See Trial Court Opinion, 6/22/09, at 6-7 (utilizing conspiracy theory to sustain possession conviction).  While the jury could have found the evidence sufficient to convict appellant via joint and constructive possession, or via accomplice liability, the same cannot be said for conspiratorial liability.  As the majority points out, the trial court gave the jury all three theories on which it could convict appellant of the firearms charge.

However, conspiracy is a distinct crime — it is not a statutory theory of liability for criminal acts of other people.  If one conspires to commit a crime, one is guilty of

conspiracy, but not the crime conspired. To be guilty of the underlying crime itself, one must actually commit that crime or be liable for it under another theory, such as accomplice liability, or here, constructive possession. Accomplice liability and constructive possession, unlike conspiracy, are not separate crimes but a means by which one may be responsible for criminal acts of another.

Thus, appellant here, not charged with conspiracy to possess the firearm, cannot be found guilty of possession via "conspiracy liability." The trial court's charge is therefore in error. Notwithstanding this, given appellant's failure to challenge the conspiracy instruction as a legal error, rather than collaterally as a sufficiency claim, such a claim is not properly before this Court. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Therefore, as the majority properly notes, the verdict is not assailable on the grounds before us, and I concur in affirming the possession conviction. I join the majority's holding on the question for which we accepted review, namely, that illegal possession of a firearm may be based on an accomplice liability theory.